**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| SEGUNDO PEDRO LEON MAZA,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL NESSINGER, *et al.*,<br><br>Respondents. | C.A. No. 1:26-cv-00577-MSM-AEM |

**ORDER**

Before the Court is Segundo Pedro Leon Maza's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) The Respondents assert that the Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(2) because U.S. Immigration and Customs Enforcement ("ICE") reinstated his prior order of removal in compliance with 8 C.F.R. § 241.8. (ECF No. 5 at 3–4.) The Court finds, however, that the Respondents' own exhibits do not establish that compliance.

Specifically, the section of the "Decision, Order, and Officer's Certification" of the Form I-187, where a deciding official certifies that, having reviewed the administrative file and any statement submitted in rebuttal, the noncitizen is subject to removal through reinstatement of the prior order, bears no signature. (ECF No. 5-1.) The Respondents have therefore not established that any authorized officer rendered the determination required by 8 C.F.R. § 241.8(c). The Respondents' assertion that ICE "has reinstated" the Petitioner's prior order rests on that

document. (ECF No. 5 at 1.) The Respondents have offered no declaration or other evidence that any officer made that determination.

Because the Respondents have not established a properly effectuated reinstatement, 8 U.S.C. § 1231 does not supply authority for the Petitioner's detention, and that detention is governed by 8 U.S.C. § 1226(a). *See Gonzalez Lopez v. Wesling*, 828 F. Supp. 3d 284, 293-94 (D.R.I. 2026). ICE's failure to follow its own regulations, and the resulting violation of the Petitioner's due process rights, renders its action invalid. *See de Souza Lima v. Nessinger*, No. 1:26-cv-00165-MSM-AEM (D.R.I. May 28, 2026); *Hall v. Nessinger*, No. 25-cv-667, 2026 WL 18583, at *9 (D.R.I. Jan. 2, 2026). The Court is not reviewing the Petitioner's prior order of removal and addresses only the statutory authority for his present detention.

Accordingly, the Court GRANTS the Petitioner's habeas petition (ECF No. 1) as follows. The Respondents are ORDERED to provide the Petitioner with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) no sooner than thirty (30) days from the date of this order. The Respondents are ordered to provide the Petitioner and his attorney with adequate notice of the date and time of that hearing. Further, the Court ORDERS the Respondents to release the Petitioner immediately pending the bond hearing. The Court permits the Petitioner's transfer to effectuate his release and the return of his property. The Respondents shall set minimal release conditions that will reasonably assure the Petitioner's appearance at the bond hearing. Finally, the Court ORDERS the Respondents to file a status report within two (2) days of the Petitioner's bond hearing, stating whether he has

been granted bond and, if his request for bond was denied, the specific reasons for that denial.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge
August 27, 2026